UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ORTEZ JONES, | ) |
| Movant, | ) |
| v. | ) No. 4:10-CV-2037 CAS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on movant Ortez Jones' Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. The government has responded to the motion. Movant movant did not file a reply memorandum and the time to do so has passed. As a result, this matter is ready for decision. For the following reasons, the Motion to Vacate will be dismissed.

## **Background**

On January 16, 2008, movant was charged by indictment with one count of being a previously-convicted felon in possession of a firearm and an Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). See United States v. Jones, Case No. 4:08-CR-26 CAS (E.D. Mo.) On January 28, 2008, the Federal Public Defender was appointed to represent movant. Ultimately, movant opted to plead guilty. The parties entered into a plea agreement in which the parties recommended that "if defendant is determined, based on his criminal history, to be an Armed Career Criminal under Sentencing Guidelines § 4B1.4 and 18 U.S.C. § 924(e), then the Guideline sentence shall be determined under Sentencing Guidelines § 4B1.4 and 18 U.S.C. § 924(e)." Plea Agreement at 8, ¶ E (Doc. 24 in Case No. 4:08-CR-26 CAS).

In a paragraph of the Plea Agreement entitled "Possibility of Enhanced Criminal Status," the parties agreed:

> In certain situations under 18 U.S.C. § 924(e) and Sentencing Guidelines § 4B1.4, defendant may be subject to some or all of the following: a mandatory minimum sentence of fifteen years, a maximum sentence of life, an enhanced criminal history category, and an enhanced offense level. Defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with defense counsel, and acknowledges that the guilty plea will not be withdrawn in the event the Presentence Investigation Report determines the foregoing statute and Sentencing Guidelines section apply to defendant's sentence. Defendant does, however, retain the right to litigate these issues at sentencing.

Plea Agreement at 12, ¶ B.

Finally, movant acknowledged that he was "fully satisfied with the representation received from defense counsel," that he had discussed all possible defenses with defense counsel, and that "[d]efense counsel has completely and satisfactorily explored all areas which defendant has requested relative to the Government's case and any defenses." Id. at 14-15, ¶ 8. On May 22, 2008, the parties appeared before this Court for a change of plea hearing. At the hearing, movant pleaded guilty pursuant to the terms of the plea agreement. The Court ordered the preparation of a presentence investigation report ("PSR") by the U.S. Probation Office. The PSR concluded that movant was an Armed Career Criminal, due to his prior convictions for two counts of robbery second degree, stealing a motor vehicle, and two counts of domestic assault second degree. PSR at ¶ 22 (Doc. 34 in Case No. 4:08-CR-26 CAS).

Movant filed written objections to the PSR, arguing that his prior conviction for stealing a motor vehicle did not meet the definition of a crime of violence under 18 U.S.C. § 924(e), he was entitled to a jury finding of the predicates necessary to sentence him as an Armed Career Criminal, his prior convictions for robbery second degree did not qualify as crimes of violence because movant

was a juvenile when he incurred them, and the two domestic assault convictions should be considered one offense because they involved the same conduct against the same victim. See Def.'s Objs. to PSR (Doc. 26 in Case No. 4:08-CR-26 CAS).

At the sentencing hearing on August 5, 2008, movant reiterated his objection "for the record" that this Court was prohibited from deciding whether his previous convictions are violent felonies, although he conceded that Supreme Court precedent foreclosed the objection. Sent. Tr. at 3:5-4:4. (Doc. 39 in Case No. 4:08-CR-26 CAS). The Court denied the objection. Id. at 4:5-10. Movant also repeated his objection that his prior convictions for robbery second degree are not violent felonies because he was a juvenile when he incurred them. Id. at 6:7-13:6, 16:9-17:12. Again, the Court denied the objection. Id. at 17:13-17. Movant did not argue that his prior convictions for robbery second degree should be treated as a single offense. The Court concluded that movant was an Armed Career Criminal and sentenced him to 180 months in prison, the statutory mandatory minimum sentence.

On August 11, 2008, movant timely filed a notice of appeal. On direct appeal, Jones argued that his two prior convictions for domestic assault second degree were not violent felonies, his Armed Career Criminal sentence amounted to cruel and unusual punishment, and this Court lacked the authority to decide whether movant's prior convictions were violent felonies. Movant did not argue that his prior convictions for robbery second degree should be treated as a single offense. In an opinion dated July 24, 2009, the Eighth Circuit rejected movant's arguments and affirmed this Court's judgment. See United States v. Jones, 574 F.3d 546 (8th Cir. 2009). Movant did not petition for a writ of certiorari from the U.S. Supreme Court.

On October 25, 2010, movant the instant motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Movant asserts four grounds in his § 2255 motion:

3

(1) defense counsel was ineffective for failing to file a petition for writ of certiorari with the United States Supreme Court appealing the Eighth Circuit's opinion appealing this Court's judgment;

(2) defense counsel was ineffective for failing to challenge the treatment of movant's prior convictions for robbery second degree as separate convictions;

(3) the Court erred in misapplying the Armed Career Criminal Act in treating movant's prior convictions for robbery second degree as separate convictions for sentencing purposes; and

(4) the Court erred in concluding that movant's two prior robbery convictions were not a single conviction for sentencing purposes.

**Legal Standard**

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

It is well established that entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. See United States v. Winheim, 143 F.3d 1116, 1117 (8th Cir. 1998); Smith v. United States, 876 F.2d 655, 657 (8th Cir.), cert. denied, 493 U.S. 869 (1989). Collateral review of a guilty plea is therefore "ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989).

A movant faces a "heavy burden" to establish ineffective assistance of counsel in the context of section 2255. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that (1) counsel's performance was deficient, and (2) he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). A court may address the two prongs in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Because the failure to establish prejudice can be dispositive of a case," this Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076 (citations omitted). Further, statements which are self-serving and unsupported by evidence do not establish a basis for relief under section 2255. Apfel, 97 F.3d at 1077.

The Strickland standard applies to guilty plea challenges premised upon allegations of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). To satisfy the second prong's "prejudice" requirement in the context of a guilty plea, the movant must show "there is a

5

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**Discussion**

**A. Timeliness**

As a threshold matter, the government asserts that movant failed to file his § 2255 motion within the one-year deadline of his conviction becoming final, pursuant to 28 U.S.C. § 2255(f)(1), and therefore the motion is untimely under § 2255(f)(1) and should be dismissed on that basis.

The applicable period of limitation began to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When, as here, a federal defendant is unsuccessful in his direct appeal and does not petition for a writ of certiorari from the U.S. Supreme Court, his "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). According to Supreme Court Rule 13.1, a petition for certiorari must be filed within ninety days of the judgment of conviction. See Sup. Ct. R. 13.1. Thus, the one-year period of limitation begins to run ninety days after the court of appeals decision affirming the judgment of conviction.

The Eighth Circuit affirmed movant's conviction on direct appeal in an opinion dated July 24, 2009. See United States v. Jones, 574 F.3d 546 (8th Cir. 2009). Movant states in his motion that

6

he did not pursue a writ of certiorari from the United States Supreme Court. Thus, the one year period of limitation for movant to file his § 2255 motion began to run on October 22, 2009, ninety days after the Eighth Circuit's opinion dated July 24, 2009, and expired on October 22, 2010.

Movant's motion was received by the Court on October 25, 2010, three days after the period of limitation expired. Because movant filed his § 2255 motion beyond the period of limitation, it should be dismissed as untimely unless it is saved by virtue of the "prison mailbox rule" pursuant to Rule 3(d) of the Rules Governing Section 2255 Proceedings. The government argues that Rule 3(d) does not save movant's motion because movant's declaration at the end of the motion does not state that the motion was placed in the prison mail system with first-class postage prepaid and, in addition, movant failed to indicate the date on which the motion was executed.

Rule 3(d) provides, "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." Rule 3(d), Sec. 2255 Proceedings. Under this rule, an inmate can establish the date on which he gave papers to be filed with the court to a prison official in one of two ways. First, "If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule." Id. The second mechanism for establishing a filing date must be used if the inmate does not have access to a legal mail system, or if the existing legal mail system is inadequate to satisfy the mailbox rule. In either of these circumstances, "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." Id.

Here, the government's timeliness challenge focuses on the requirements of the second of the two methods, but the Court need not determine whether movant's declaration is adequate because movant receives the benefit of the prison mailbox rule under the first method. The reverse

7

side of the envelope movant used to mail the motion to this Court bears an official stamp from FCI Oxford, where movant is confined, which states in part that the "enclosed letter was processed through special mailing procedures for forwarding to you," and is date-stamped October 21, 2010. Because the motion was placed in the institution's legal mail system one day before the deadline, it is timely.[1] The Court now turns to the merits of movant's motion.

**B. Ineffective Assistance of Counsel - Certiorari**

Movant's first ground is that defense counsel was ineffective for failing to file a petition for a writ of certiorari with the U.S. Supreme Court to challenge the Eighth Circuit Court of Appeals' decision. This ground does not entitle movant to relief.

"The right to counsel at trial is guaranteed by the Sixth Amendment, but the Fifth Amendment due process clause governs the right to counsel for appellate proceedings." Steele v. United States, 518 F.3d 986, 988 (8th Cir. 2008) (citing Ross v. Moffitt, 417 U.S. 600, 610-11 (1974); Scott v. United States, 473 F.3d 1262, 1264 (8th Cir. 2007)). "Due process guarantees a criminal defendant a constitutional right to counsel for [his] first appeal, Douglas v. California, 372 U.S. 353, 357-58 (1963), and that right encompasses the right to effective assistance of counsel, Evitts v. Lucey, 469 U.S. 387, 396-400 (1985)." Steele, 518 F.3d at 988 (parallel citations omitted).

Due process does not, however, guarantee a constitutional right to counsel for a litigant seeking to file a certiorari petition in the United States Supreme Court. Steele, 518 F.3d at 988 (citing Ross, 417 U.S. at 617-18; Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further.")); see also 28 U.S.C. § 1254

---

[1]The Court notes that as a result of clerical error, the reverse side of movant's envelope was not made part of the electronic record until after the government's Response was filed, although the original envelope was retained in the Clerk's Office. The government therefore did not have the benefit of seeing the institutional stamp prior to filing its response.

(writ of certiorari is discretionary). Because the right to effective assistance of counsel is derived solely from the right to appellate counsel guaranteed by the right to due process, Wainwright v. Torna, 455 U.S. 586, 587-88 (1982), a litigant such as movant without a constitutional right to counsel cannot "be deprived of the effective assistance of counsel." Id.; see also Simpson v. Norris, 490 F.3d 1029, 1033 (8th Cir. 2007) ("where there is no constitutional right to counsel there can be no deprivation of effective assistance."). In the absence of a constitutional right to the effective assistance of counsel, movant's § 2255 claim for ineffective assistance for failure to file a petition for certiorari cannot succeed. See Steele, 518 F.3d at 988.

Further, even if movant had the right to counsel to file a certiorari petition, he would have to show that he suffered prejudice from his attorney's failure to file a petition in order to establish a claim for ineffective assistance of counsel. See Steele, 518 F.3d at 988 (citing Strickland, 466 U.S. at 691). Movant would have to show not only that he would have succeeded in obtaining a writ of certiorari if counsel had filed a petition, but also a reasonable probability that he would have obtained relief on the issue of a new trial. See id. at 989. Movant has not shown either requisite, and his bare-bones motion makes only the conclusory assertion that counsel was ineffective for failing to file a petition for writ of certiorari. Accordingly, this ground should be dismissed.

### C. Ineffective Assistance of Counsel - Failure to Challenge Treatment of Prior Convictions

Movant's second ground is that defense counsel was ineffective for failing to object to the Court's treatment at sentencing of movant's prior convictions for robbery second degree as separate convictions rather than a single felony, where they were prosecuted in a single case. The PSR classified movant as an armed career criminal subject to a mandatory fifteen-year sentence under the Armed Career Criminal Act ("ACCA") because he had at least three prior "violent felony" convictions. See 18 U.S.C. § 924(e)(1). To be considered separate offenses, the statute requires that the violent felonies have been "committed on occasions different from one another." Id.

The Eighth Circuit has repeatedly held it is the "criminal episodes underlying convictions [that] trigger application of the ACCA, not the date of the convictions or the number of trials or pleas resulting in those convictions." United States v. Mason, 440 F.3d 1056, 1058 (8th Cir. 2006) (citing United States v. Turner, 431 F.3d 332, 337-38 (8th Cir. 2005) (deciding two robberies in different cities with different victims three days apart were distinct criminal episodes for section 924(e)(1)); United States v. Speakman, 330 F.3d 1080, 1081-83 (8th Cir. 2003) (finding three drug sales made to the same undercover officer on different days and times within a one-month period, and consolidated for sentencing, were still separate and distinct criminal episodes under § 924(e)); United States v. Long, 320 F.3d 795, 801-02 (8th Cir. 2003) (holding defendant's guilty plea to three counts involving three separate drug deliveries on separate days constituted three convictions for ACCA purposes regardless that defendant pled guilty in a single proceeding and was sentenced to a single ten-year sentence for all three deliveries)).

The PSR shows that movant committed a robbery second degree by stealing a female victim's purse on July 17, 2001. Approximately one week later, on July 23, 2001, movant

committed another robbery second degree by stealing another female victim's purse. PSR ¶¶ 27-30. The two robberies, which occurred several days apart, are clearly distinct criminal episodes "committed on occasions different from one another." As a result, movant was properly found to have three violent felonies and consequently was properly sentenced as an armed career criminal. Any objection counsel might have made would have been without merit, and would have been rejected by the Court.[2]

Counsel will not be deemed ineffective for failing to make meritless objections. See Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1991) (per curiam) (counsel not ineffective for failing to raise meritless claims). Movant cannot meet either prong of the Strickland test, as he cannot show that counsel's performance was deficient for failing to object the Court's treatment of the two robberies as separate felonies, or that he was prejudiced by his counsel's failure to object. This ground should be dismissed.

**D. Trial Court Error.**

Movant's third and fourth grounds are that the Court erred in (1) misapplying the ACCA at sentencing by treating movant's prior convictions for robbery second degree as separate convictions; and (2) concluding that movant's two prior robbery convictions were not a single conviction for purposes of sentencing. These grounds are procedurally barred.

If a claim could have been raised on direct appeal but was not, it is procedurally defaulted and cannot be raised in a § 2255 motion unless the "defendant can first demonstrate either cause and

---

[2]The Court did reject an analogous argument. Movant's counsel argued in his Objections to the PSR that movant's two domestic assault convictions should be counted as a single offense because they were prosecuted under the same case number and involved the same victim. At sentencing, the prosecutor countered this objection by stating, "But I point out, Judge, that the standard is not who the victim was or whether it is in the same case number." Sent. Tr. at 14:17-18. The Court agreed, stating, "Different cases, different times," id. at 14:19, and subsequently concluded, "So we've got two [convictions] there with the domestic assault[.]" Id. at 15:3.

actual prejudice, or that he is actually innocent." Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005) (quoting Bousley v. United States, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted)); see also Massaro v. United States, 538 U.S. 500, 504 (2003). Movant's third and fourth grounds could have been raised on direct appeal, but were not.

Movant has not asserted cause and prejudice for his failure to raise these trial court error claims on direct appeal. The Court has determined that trial counsel was not ineffective for failing to object to the Court's classification of the two robberies as separate convictions, and that the classification was proper under Eighth Circuit precedent. Movant therefore cannot show cause and prejudice and these claims are procedurally barred from review unless movant can make a showing of actual innocence. See Becht, 403 F.3d at 545. Movant does not assert that he is actually innocent of the felon in possession crime for which he was convicted, but rather argues only that he did not previously commit three crimes of violence as required by the sentencing enhancement. The actual innocence exception is unavailable to movant in these circumstances, where he challenges a claimed error in a noncapital sentence. See Lindsey v. United States, 615 F.3d 998, 1001 (8th Cir. 2010) ("the actual innocence exception to the procedural default rule is not available to remedy errors in noncapital sentencing."). Movant's claims of trial court error in grounds three and four are therefore procedurally barred and should be dismissed.

**Conclusion**

For the foregoing reasons, the Court finds that movant's motion under 28 U.S.C. § 2255 is timely, but concludes that all grounds asserted therein are either without merit or procedurally barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant Ortez Jones' Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in movant's § 2255 motion. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

An order of dismissal will accompany this Memorandum and Order.

 

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of February, 2011.